United States Bankruptcy Court

Eastern District of Pennsylvania

In re:   Case No. 20-11804-mdc
Shakina Liggins   Chapter 13
    Debtor(s)

# CERTIFICATE OF NOTICE

| District/off: 0313-2 | User: Adminstra | Page 1 of 1 |
|---|---|---|
| Date Rcvd: Dec 01, 2020 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 03, 2020:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Shakina Liggins, 6728 N. Gratz Street, Philadelphia, PA 19126-2634 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Dec 03, 2020      Signature:      /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 1, 2020 at the address(es) listed below:

| Name | Email Address |
|---|---|
| DAVID M. OFFEN | on behalf of Debtor Shakina Liggins  dmo160west@gmail.com  davidoffenecf@gmail.com;offendr83598@notify.bestcase.com |
| REBECCA ANN SOLARZ | on behalf of Creditor NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING  bkgroup@kmllawgroup.com |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |
| WILLIAM C. MILLER, Esq. | on behalf of Trustee WILLIAM C. MILLER  Esq.  ecfemails@ph13trustee.com, philaecf@gmail.com |
| WILLIAM C. MILLER, Esq. | ecfemails@ph13trustee.com  philaecf@gmail.com |

TOTAL: 5

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Shakina Liggins <br> _Debtor_ | CHAPTER 13 |
| NewRez LLC d/b/a Shellpoint Mortgage Servicing <br> _Movant_ <br> vs. | NO. 20-11804 MDC |
| Shakina Liggins <br> _Debtor_ <br><br> William C. Miller, Esquire <br> _Trustee_ | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.  The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$7,956.26** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | April 2020 to November 2020 at $1,134.67/month |
| Suspense Balance: | $1,121.10 |
| **Total Post-Petition Arrears** | **$7,956.26** |

2.  The Debtor shall cure said arrearages in the following manner:

    a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$7,956.26.**

    b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$7,956.26** along with the pre-petition arrears;

    c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3.  Beginning with the payment due December 1, 2020 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $1,134.67 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4.  Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: November 10, 2020         By: /s/ Rebecca A. Solarz, Esquire
                                Attorney for Movant

Date: November 23, 2020          /s/ David M. Offen, Esquire
                                David M. Offen, Esquire
                                Attorney for Debtor              No Objection - Without
                                                                 Prejudice to Any
Date: November 25, 2020          /s/ LeeAne O. Huggins           Trustee Rights or
                                William C. Miller, Esquire       Remedies
                                Chapter 13 Trustee

Approved by the Court this 30th day of November, 2020. However, the court retains discretion regarding entry of any further order.

Magdeline D. Coleman
Chief U.S. Bankruptcy Judge